COLLETT ET AL., APPELLANTS, *v.* DeHAVEN, EXRX., ET AL., APPELLEE.

[Cite as Collett v. DeHaven (1970), 24 Ohio App. 2d 4.]

(No. 244—Decided June 1, 1970.)

*Messrs. Buckley & Miller* and *Mr. Frederick J. Buckley,* for appellants.

*Mr. P. Paul Pusateri,* for appellee.

*Per Curiam.* This is an appeal on questions of law from an order of the Court of Common Pleas of Clinton County sustaining a demurrer to an amended petition and, thereafter, dismissing the amended petition.

In the amended petition it is alleged that, on June 7, 1967, plaintiffs entered into an oral agreement with defendant's testator for the sale to plaintiffs of certain land; that a payment toward the purchase price was made; that the terms of payment of the balance were agreed upon; that plaintiffs exercised dominion over the premises; that defendant's testator died; that defendant refuses to perform according to the terms of the contract made with her knowledge and consent; that plans to purchase other real estate had been abandoned by plaintiffs; that plaintiffs have not been able to acquire comparable land; and that thereby they have suffered irreparable damage for which no adequate remedy at law is available. The prayer of the petition is for specific performance.

The defendant, individually and as executrix, demurred on the ground that the amended petition fails to state a cause of action, considering R. C. 1335.05. In sustaining the demurrer, the court below found the statute of frauds to be applicable in the premises and that the plaintiffs had not alleged facts which would remove the contract involved from that statute.

It is widely recognized that partial performance by the vendee of an oral contract for the transfer of an interest in land will operate to allow specific performance thereof.

Obviously, what constitutes part performance depends upon the facts in each case, but, without question, the quality of those facts must be substantial and material and must be unequivocally referable to the contract. Generally, it can be said that part performance must be such that the party performing cannot be restored to the position he

occupied when the contract was made, that the acts are prejudicial to him, are not compensable, would not have occurred absent the contract, and that unless the contract is enforced, unjust and unconscionable injury will result. 25 Ohio Jurisprudence 2d, 285, Section 193; 101 A. L. R. 955.

In the case at bar, the existence of the contract must be assumed, since the matter was decided upon demurrer. The question, then, is whether the plaintiffs, in relying upon the vendors' promises, performed acts which changed plaintiffs' position to their prejudice. In the case of *Tier* v. *Singrey,* 154 Ohio St. 521, the syllabus reads:

"1. In an action for specific enforcement of an oral contract for the sale of land, equity intervenes to render the statute of frauds inoperative only when a failure to enforce the contract will result in fraud and injury.

"2. To entitle one claiming to have purchased land to enforce an oral contract for the conveyance thereof, he must, in reliance on the promise, have performed acts which changed his position to his prejudice."

Resolution of the question stated depends upon the proof of the allegations in the amended petition which, in our opinion, states a cause of action. Only upon a full hearing can it be determined whether the claimed acts of the vendees are of such quality as to render the statute of frauds inapplicable.

Therefore, the order of the Court of Common Pleas is reversed and set aside, and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

SHANNON, P. J., HILDEBRANT and HESS, JJ., concur.